*South Carolina State Conference of The NAACP, et al. v. Ellen Weaver in her official capacity as South Carolina Superintendent of Education, et al.*

Civil Action No.: 3:25-cv-487-SAL

# Exhibit D

**to Defendants Weaver's and Lexington County School District Three's Response in Opposition to Plaintiffs' Motion for a Preliminary Injunction**

**Declaration of Charlene High**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| SOUTH CAROLINA STATE CONFERENCE OF THE NAACP; IBRAM X. KENDI; AYANNA MAYES; MARY WOOD; T.R., a minor by and through their father and next friend, TODD RUTH-ERFORD; and J.S., a minor by and through their mother and next friend, AMANDA BRADLEY,<br><br>Plaintiffs,<br><br>v.<br><br>ELLEN WEAVER in her official capacity as South Carolina Superintendent of Education; LEXINGTON COUNTY SCHOOL DISTRICT THREE; and SCHOOL DISTRICT FIVE OF LEXINGTON & RICHLAND COUNTIES,<br><br>Defendants. | Civil Action No. 3:25-cv-487-SAL |

## DECLARATION OF CHARLENE D. HIGH

I, **Charlene D. High**, declare pursuant to 28 U.S.C. § 1746 as follows:

1. My name is Charlene D. High. I am over the age of 18 and am competent to make this declaration. I am a citizen and resident of South Carolina. The facts stated herein are true of my own personal knowledge, and if called to testify, I would so testify.

2. I am the Coordinator of Early Learning and Parenting Services at Lexington County School District Three and have held this role since 2022. Before that, I worked as an assistant principal at Lexington County School District Three for 12 years.

3. I have a Bachelor's degree in psychology from the University of South Carolina and a Master's degree in Educational Administration from Charleston Southern University.

4. I have training and experience in the evaluation and selection of instructional materials and texts.

5. I was a member of the Lexington County School District Three committee tasked with evaluating whether *Stamped: Racism, Antiracism, and You* ("*Stamped*") should be included in the District's school libraries and media centers.

Declaration of Charlene D. High
April _17th_, 2025
Page 2

6. As part of my evaluation of *Stamped*, I read the book to assess its educational suitability, accuracy, objectivity, and validity.

7. At the conclusion of the committee's deliberations, I voted to recommend the removal of *Stamped* from the District's libraries and media centers. My vote was based on my determination that *Stamped* lacked educational rigor and suitability. My decision also included my consideration of the rights and responsibilities of District Three's students, parents or legal guardians, and employees.

8. My recommendation to remove *Stamped* was motivated by the fact that it contains several descriptions or assertions of historical actions or events that are not factually accurate or complete, and this lack of objectivity and accuracy is inappropriate in a nonfiction book that discusses history.

9. I think it is appropriate for District Three to include books in its libraries and classrooms discussing race, racism, social or racial injustice, and related topics if those books (particularly of the non-fiction ones) are factually accurate, academically robust, and educationally suitable.

10. My vote to remove *Stamped* from District Three's libraries and media centers was based on my evaluation of its lack of factual or historical veracity, accuracy, and completeness, not because I object to the discussion of the topics in the book or because I disagree with the authors' viewpoints those topics.

11. I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this __17th____ day of April, 2025.

_Charlene D. High_
Charlene D. High