**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| SOUTH CAROLINA STATE CONFERENCE OF THE NAACP; IBRAM X. KENDI; AYANNA MAYES; MARY WOOD; T.R., a minor by and through their father and next friend, TODD RUTH-ERFORD; and J.S., a minor by and through their mother and next friend, AMANDA BRADLEY, | Civil Action No. 3:25-cv-487-SAL |
| Plaintiffs, | |
| v. | **DEFENDANT ELLEN WEAVER AND LEXINGTON COUNTY SCHOOL DISTRICT THREE's RESPONSE TO PLAINTIFFS' MOTION FOR A STATUS CONFERENCE** |
| ELLEN WEAVER in her official capacity as South Carolina Superintendent of Education; LEXINGTON COUNTY SCHOOL DISTRICT THREE; and SCHOOL DISTRICT FIVE OF LEXINGTON & RICHLAND COUNTIES, | |
| Defendants. | |

Defendant Ellen Weaver, in her official capacity as South Carolina Superintendent of Education, and Defendant Lexington County School District Three (together the "Defendants"), by and through their undersigned counsel, respectfully submit this Response to Plaintiffs' Motion to Request a Status Conference (ECF No. 57).

In the Defendants' view, no immediate need exists for a status conference. Two dispositive motions will, as of May 19, 2025, be fully briefed and ready for consideration (ECF Nos. 49 and 51), and Plaintiffs' Motion for Preliminary Injunction (ECF No. 30) is fully briefed and ready for consideration. Nothing further remains to be done at this time, and a status conference is not needed. Management of the judicial docket is safely vested in the Court's discretion, and the Court can decide the timing and sequence in which it will consider the pending Motions to Dismiss and Motion for a Preliminary Injunction without holding a status conference or needing the parties' input. The parties have had the opportunity to present their arguments in writing, and nothing in

the current procedural posture requires judicial intervention to set an immediate hearing date on an emergent basis. Plaintiffs have not identified any exigent circumstances that warrant expedited scheduling or a departure from the Court's usual docket management practices. Moreover, Plaintiffs' request appears to seek a status conference to achieve what the Court is already empowered to do at its discretion and would typically do as a matter of course: schedule motions hearings, or determine that they are unnecessary, based on the briefing before it. Nothing in the Local Civil Rules or federal practice requires the Court to convene a conference to make such a determination.

Defendants recognize that courts have broad discretion to determine whether oral argument would help resolve a motion (and Defendants have, in fact, requested a hearing on their Motion to Dismiss), but such decisions are best left to the Court. *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (recognizing the inherent power of courts to manage their own dockets "with economy of time and effort for itself, for counsel, and for litigants"); *Chaudhry v. Mobil Oil Corp.,* 186 F.3d 502, 505 (4th Cir. 1999) (upholding district court's decision to delay further proceedings pending resolution of dispositive motions). This Court may, and often does, resolve preliminary injunction motions without oral argument where the written submissions sufficiently frame the issues. *See*, *e.g.*, *Nat'l Ass'n for Advancement of Colored People, Inc. by & through Myrtle Beach Branch v. City of Myrtle Beach,* 383 F. Supp. 3d 603, 610 (D.S.C. 2019); *see also McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1311 (11th Cir. 1998) (noting that Fed. R. Civ. P. 65 does not require a hearing as long as party opposing preliminary injunction has a "fair opportunity to oppose the application and to prepare for such opposition.").

Defendants do not read Plaintiffs' motion as asserting any concrete prejudice from the absence of a hearing. Nor do Plaintiffs identify any particular reason why the Court should devote

its valuable and finite time to a status conference to discuss this ordinary administrative function. The motion for injunctive relief was filed weeks ago; the Court has acted promptly to allow and accommodate full briefing, including supplemental briefing. The issues presented are now squarely before the Court. Defendants respectfully submit that no further steps are necessary unless and until the Court determines otherwise.

In sum, Defendants submit that the timing and sequence of the resolution of the pending motions and, more generally, of this proceeding, fall squarely within the Court's discretion and are safely vested there. Defendants will, of course, comply with any schedule and attend any hearing the Court may choose to set, but they do not believe that a status conference is required or helpful at this time.

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s Miles E. Coleman
Miles E. Coleman (Fed. Bar No. 11594)
E-Mail: miles.coleman@nelsonmullins.com
William A. Neinast (Fed. Bar No. 13172)
E-Mail: will.neinast@nelsonmullins,com
2 W. Washington Street / Suite 400
Greenville, SC 29601
(864) 373-2300

*Attorneys for Ellen Weaver, in her official capacity as South Carolina Superintendent of Education, and Lexington County School District Three*

Greenville, South Carolina
May 10, 2025