IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| SOUTH CAROLINA STATE CONFERENCE OF THE NAACP; IBRAM X. KENDI; AYANNA MAYES; MARY WOOD; T.R., a minor by and through their father and next friend, TODD RUTHERFORD; and J.S., a minor by and through their mother and next friend, AMANDA BRADLEY, <br><br> *Plaintiffs*, <br><br> v. <br><br> ELLEN WEAVER in her official capacity as South Carolina Superintendent of Education; SCHOOL DISTRICT FIVE OF LEXINGTON & RICHLAND COUNTIES; and LEXINGTON COUNTY SCHOOL DISTRICT THREE, <br><br> *Defendants*. | Case No.: 3:25-cv-00487-SAL |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

During the Motion Hearing held on July 30, 2025, counsel for Defendant Weaver raised the question of whether, even if the Budget Proviso is found to be unconstitutional, Defendants would be able to comply with an injunction without violating Executive Order 14190 (the "EO"). Even if Defendants were correct (and they are not[1]) that remedying harms caused by the Budget Proviso would conflict with this EO, that does not defeat standing. In a decision issued this past

---

[1] Defendants' argument ignores the fact that this EO, unlike the Budget Proviso, prohibits the expenditure of *federal* funds for instruction on so-called divisive concepts. Pls.' Opp. to Mots. to Dismiss 49, ECF No. 60. If the Court invalidates the Budget Proviso, then school districts throughout South Carolina could use *state* funds for instruction on so-called divisive concepts. *Id.* This is true with or without the EO, meaning that enjoining the Budget Proviso is Plaintiffs' sole possibility for relief. *Id.*

June, the Supreme Court made clear that standing exists where a court order "remov[es] the allegedly unconstitutional barrier . . . erected between [a plaintiff and requested relief]," even when the defendant states the challenged barrier serves as "only one of several independent . . . grounds" to deny the requested relief. *See Gutierrez v. Saenz*, 145 S. Ct. 2258, 2266, 2268 (2025). As the Court explained, that the government "might eventually find another reason . . . to deny a prisoner's request for DNA testing does not vitiate his standing to argue that the cited reasons violated his rights under the Due Process Clause." *Id* at 2268.

This principle applies equally here: the mere possibility that Defendants could point to a separate legal justification does not deprive Plaintiffs of standing to challenge the Budget Proviso as an unconstitutional denial of their First Amendment right to receive information free from impermissible reasons—which, in this case, is viewpoint discrimination. In other words, there may be multiple valid reasons why the AP African American Studies course may no longer be available to students. But the First Amendment forbids Defendant Weaver from interfering with the right to receive information in that course because certain legislators—with no expertise in educational pedagogy—disagree with particular viewpoints and want to impose their own viewpoints on all South Carolina public school students. That is precisely what the Budget Proviso seeks to do.

Viewpoint discrimination is especially harmful in educational settings because schools are entrusted to "educat[e] the young for citizenship." *W. Va. State Bd. of Educ. v. Barnette*, 319 U.S. 624, 637 (1943). While local authorities and, to a lesser extent, state authorities are afforded some deference in curricular decision-making, students' right to receive information may not be infringed upon to "prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion." *Bd. of Educ., Island Trees Union Free Sch. Dist. No. 26 v. Pico*, 457 U.S. 853, 872 (quoting *Barnette*, 319 U.S. at 642 (plurality opinion)). The Budget Proviso unlawfully

exceeds that discretion by prohibiting schools and school districts from discussing disfavored viewpoints in violation of Student Plaintiffs' right to receive information.

To be clear, Student Plaintiffs do not assert a right to access the AP African American Studies course under all circumstances. *See* Pls.' Opp. to Mots. to Dismiss 15, ECF No. 60. Rather, they assert their right to receive information that is being denied for political, viewpoint-related reasons not reasonably related to legitimate pedagogical concerns. *See Hazelwood Sch. Dist. v. Kuhlmeier,* 484 U.S. 260, 273 (1988). Thus, the Student Plaintiffs seek a court order that would enjoin the Budget Proviso from denying their right to continue receiving accurate and sound instruction, curricula, and programming for impermissible reasons—namely, the acknowledgment of the existence of systemic racism, which is a viewpoint that legislators vigorously disfavored when enacting the Budget Proviso.

Dated: August 6, 2025                                        Respectfully submitted,

*/s/ Tyler D. Bailey*
Tyler D. Bailey, Fed. ID 12294            Charles McLaurin*
BAILEY LAW FIRM, LLC                      Jason Bailey*
1430 Richland St.                         Kacey-Ann Mordecai*
Columbia, SC 29201                        NAACP LEGAL DEFENSE AND
Tel: (803) 667-9706                       EDUCATIONAL FUND, INC
tyler@baileylawfirmsc.com                 700 14th Street N.W., Ste. 600
                                          Washington, D.C. 20005
                                          Tel: (202) 682-1300
                                          Fax: (202) 682-1312
                                          cmclaurin@naacpldf.org
                                          jbailey@naacpldf.org
                                          kmordecai@naacpldf.org

                                          **Admitted pro hac vice*
                                          **COUNSEL FOR PLAINTIFFS**